IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-51366
Summary Calendar

KATHERINE A LYONS

Plaintiff - Appellant

v.

NORTH EAST INDEPENDENT SCHOOL DISTRICT

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas, San Antonio

Before JOLLY, DENNIS, and PRADO, Circuit Judges..

PER CURIAM:[*]

Katherine A. Lyons ("Lyons") appeals the summary judgment dismissing her claims under the Family Medical Leave Act ("FMLA") against the North East Independent School District ("the District"). We AFFIRM.

I.

Lyons was employed as a clinic assistant at a middle school in the District. She requested and was granted FMLA leave to begin on September 19, 2005, to care for her daughter, who had been injured in a car accident. Lyons returned

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to work on October 24, 2005. She requested and was granted additional FMLA leave beginning on February 27, 2006, for her own medical condition. She returned to work on March 21, 2006.

In August 2006, Lyons requested FMLA leave for gallbladder surgery. The District denied her request on the ground that she was not eligible for FMLA leave because she had not worked for the requisite 1,250 hours during the twelve-month period preceding her request. The District placed her on leave under its temporary disability policy. She returned to work on September 5, 2006. Because the District had filled the clinic assistant position while Lyons was on temporary disability leave, the District offered, and Lyons accepted, a position as a special education assistant. That position has different duties and the pay is less than the pay for the clinic assistant position formerly held by Lyons.

Lyons filed suit against the District. She claimed that the District violated the FMLA when it allowed her only seven weeks of FMLA leave rather than the twelve weeks to which she was entitled, and then demoted her and reduced her pay when she was absent for three more weeks as a result of gallbladder surgery. The district court granted summary judgment for the District.

II.

The FMLA provides that "an eligible employee shall be entitled to a total of 12 work-weeks of leave during any 12-month period for one or more of" four listed reasons, including the care of a relative with a serious health condition or because of a serious health condition of the employee. 29 U.S.C. § 2612(a). An employee is "eligible" for FMLA leave if the employee has been employed "for at least 12 months by the employer ... and for at least 1,250 hours of service with such employer during the previous 12-month period." Paid vacation, holidays, sick leave, and FMLA leave are not included in the 1,250 hour calculation. 29 U.S.C. § 207(e)(2). Regulations promulgated by the Department of Labor permit

2

employers to choose one of four methods "for determining 'the 12-month period' in which the 12 weeks of leave entitlement occurs." 29 C.F.R. § 825.200(b). The District uses a fixed 12-month leave year that runs from July 1 through June 30.

The district court noted that when Lyons requested FMLA leave on August 7, 2006, the District had already begun a new FMLA leave year, which began on July 1, 2006. Therefore, in order to qualify for FMLA leave, Lyons must have worked 1,250 hours in the twelve months preceding that date. Because she had worked only a total of 1,141 hours in that period, the District determined that she did not qualify for FMLA leave. The district court, citing Department of Labor Opinion Letter FMLA-112 ("FMLA-112"), held that the District did not violate the FMLA by recalculating Lyons's FMLA eligibility at the commencement of the first absence in the new FMLA leave year.

Lyons argues that the requalification process authorized in FMLA-112 violates the statute and is invalid because the Department of Labor does not have authority to authorize employers to make selections which curtail the 12-month period or the 12 weeks of entitlement to FMLA leave. We reject that contention, essentially for the reasons stated in the district court's opinion. The district court observed that nothing in the statute or regulations supports Lyons's position that, once she qualified for FMLA leave in September 2006, she was entitled to 12 weeks of FMLA leave during the succeeding 12-month period. The district court found that the Department of Labor's opinion letter was persuasive and a reasonable interpretation of the statute, and that it was consistent with Congress's attempt to balance the needs of employees with the legitimate business interests of employers.

### III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.